UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. CHRISTOPHER T. MALLAVARAPU | CIVIL ACTION NO. 4-cv-732 |
| VERSUS | JUDGE FOOTE |
| ACADIANA CARDIOLOGY, LLC; ACADUABA CARDIOVASCULAR CENTER LLC; MEHMOOD PATEL, M.D. ET AL | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

On February 3, 2012, the undersigned issued a Memorandum Ruling on Defendants' Motion to Compel Regarding September 30, 2010 Order. [Rec. Doc. 178] Specifically, the defendants challenged the adequacy of the government's production of documents in 16 informational categories. After considering the briefs and arguments of the parties, the undersigned deferred ruling on Category 8, and ordered the government to supplement its privilege log consistent with the court's ruling. Additionally, ruling was deferred as to two other of the document production categories and the court ordered an *in camera* inspection of the following:

> Category 6-notes of the interviews of the relator conducted by the FBI Agent and OIG Agent Alleman for the 2003 and 2005 time period to determine if the informant's privilege(s) should apply. [Rec. Doc. 191, pp. 14-15]

> Category 16- all FBI 302s, or other records of interviews of all witnesses in this matter. [Rec. Doc. 191, p. 20]

On February 7, 2012, the government submitted documents for the court's *in camera* inspection. On February 24, 2012, in response to the court's directive of February 14, the government submitted a copy of its Rule 16(a)(1) Initial Disclosures, which had been provided to Defendants on July 25, 2011. [Rec. Doc. 193] The government represented that its trial witnesses, with the exception of expert witnesses, would likely come from those disclosures. On March 20, 2012, the government notified the court that additional documents had been located which are responsive to the court's *in camera* order; those documents were produced to the undersigned on the same date. The government's privilege log was amended/supplemented on March 28, 2012. Also on March 28, 2012, additional and recently-located documents were produced for *in camera* inspection.

After reviewing the productions made for *in camera* inspection and upon considering the instructions of the District Judge directing the "broadest permissible" interpretation of the Order of September 30, 2010, and further noting the Court's declared inclination to "favorably view" a request that the government produce any "work product" if the defendant is able to show substantial need for the materials to prepare his/its case and that the defendant cannot, without undue hardship, obtain their substantial equivalent by other means[Rec. Doc. 151, pp. 34-35, n.42-43], the undersigned makes the following findings and orders:

    A. As to Category 6, the undersigned has already declared that the informant privilege does not apply to the relator(s), whose identity(ies) is/are already known to the defendants.

The court's *in camera* inspection has not changed that opinion, and the government is directed to produce to Defendants any/all information and documentation of whatsoever kind generated by, provided by or pertaining to the Relator(s), including interview notes;

    B.  As to Category 16, the undersigned notes that even the most defense-friendly consideration of the work product component of the Court's Order requires the showing of substantial need and undue hardship, as set out in Fed. R. Civ. P. 26(b)(3), which provides that parties to litigation may obtain discovery of materials and documents prepared in anticipation of litigation <u>only upon a showing</u> that the party seeking discovery has a "substantial need" for the material in preparation of the party's case and that it cannot, without undue hardship, obtain the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3); *F.T.C. v. Grolier, Inc.*, 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983).  In this instance, the undersigned finds that the defendants have failed to establish the requisite "substantial need" and "undue hardship" sufficient to warrant production of the FBI interviews at issue. The court understands that the witnesses in this matter have been identified to the defendants and are, or can be available for deposition by the defendants. Unless the undersigned learns of some exception to this understanding, no further production will be ordered from Category 16.

    C. As to Category 8, the undersigned, having reviewed the privilege logs submitted by the government, finds them to be acceptable and satisfactory.

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the Motion to Compel is GRANTED as to all materials presented for the court's *in camera* inspection in Category 6, and those materials shall be released to the defendants **within ten days** of the issuance of this Order;

**IT IS FURTHER ORDERED** that the Motion to Compel is DENIED as to the materials presented for the court's in *camera* inspection in Category 16, for the defendants' failure to establish the requisite substantial need and undue hardship, per FRCP 26(b)(3).

**IT IS FURTHER ORDERED** that the privilege logs submitted originally and as supplemented by the government are accepted as submitted.

Signed at Lafayette, Louisiana this 23rd day of April, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge