UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL. | CIVIL ACTION NO. 04-732 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ACADIANA CARDIOLOGY, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

The United States appeals a ruling of the Magistrate Judge granting Defendants' motion to compel the production of summaries of interviews conducted by an FBI Agent and Office of Inspector General Agent Alleman with the Relator during the years of 2003 and 2005. The Government contends that the Magistrate clearly erred in finding that discovery of these documents is barred by the work product doctrine. Defendants argue that they have a substantial need for the documents in order to determine whether the relator is an "original source" of the information he claims to have provided to the United States. 31 U.S.C. § 3730(e)(4)(A) (2012). The question of whether the relator may remain in the suit could turn on whether he is an "original source" under the statute. Id. Defendants argue that the passage of time has prevented them from obtaining this information through alternative means. For the following reasons, the Court agrees with the Defendants and **AFFIRMS** the Memorandum Ruling of the Magistrate [Record Document 194].

I.  **Law and Procedural Posture**

The factual background and procedural posture of the instant motion to compel are ably set out in the Magistrate Judge's first Memorandum Ruling [Record Document 191, pp. 1-6] and need not be repeated here.  Suffice it to say that this Court has ordered the Government to provide to defense counsel "any non-privileged, non-work product evidence it has, either in its possession or available to it in both its civil and criminal divisions, which pertains to any witness upon which the government's civil claims are based."  [Record Document 151, p. 34].  The Court issued this order to remedy the prejudice caused by the Government's five-year delay in serving the Defendants with the Relator's complaint.  Id.  The Court further advised the Government that it was

> likely to favorably view a request that the government produce any work product pertaining to these witnesses, after production of any privilege/work product log, should defendant be able to show substantial need for the materials to prepare its case and that they cannot, without undue hardship, obtain their substantial equivalent by other means.

Id. at 34-35, n. 42-43 (quotation marks ommitted).

Magistrate Judge Hanna ruled that in light of this order, the Government's notes from its interviews of the Relator were not protected by the work product doctrine.  The Government now appeals this ruling.

On appeal, a district court must modify a Magistrate Judge's ruling on a non-dispositive issue if the Magistrate clearly erred or ruled contrary to law.  Fed. R. Civ. P. 72(a).  A party may not ordinarily discover documents and tangible things that are

prepared in anticipation of litigation by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). Fed. R. Civ. P. 26(b)(3)(A), Hickman v. Taylor, 329 U.S. 496, 511 (1947).  However, if the party seeking disclosure of work product can show a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent through other means, then the party may be able to compel their disclosure.  Fed. R. Civ. P. 26(b)(3)(A)(ii).  To compel disclosure of work-product that shows the mental impressions of an attorney, however, the party seeking disclosure must meet a higher burden.  Upjohn Co. v. United States, 449 U.S. 383, 400-01 (1981).[1]  If the party seeking disclosure meets this high burden, the Court must still take measures to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

## II.   Analysis

While the Court has made clear that it will look favorably on a request to produce documents that the Government claims are work product, in order to remain consistent with Rule 26(b)(3)(A) and Supreme Court jurisprudence the Court specified that the defendant must show a "substantial need for the materials to prepare its case and that they cannot, without undue hardship, obtain their substantial equivalent by

---

[1] The Supreme Court has indicated that summaries based on recollection of oral interviews inevitably reveal the mental impressions of the writer.  Upjohn Co., 449 U.S. at 401 (citing In re Grand Jury Investigation, 412 F.Supp. 943, 949 (E.D. Pa. 1976)).

other means." [Record Document 151, pp. 34-35, n. 42-43.]. In their briefing, Defendants do not contest that the documents at issue were prepared by another party or its representative in anticipation of litigation; rather, the parties dispute whether Defendants can obtain their substantial equivalent without undue hardship. The Government argues that their substantial equivalent can be obtained simply by deposing the Relator. In opposition, Defendants make the following argument: 1) eight years have passed since the Relator served his complaint on the Government; 2) it is highly likely that during this time the Relator has forgotten the facts relevant to the question of whether he is an "original source;" 3) the Government is to blame for at least five years of this delay; 4) the delay has prejudiced the Defendants by preventing them from deposing witnesses in a timely manner; 5) this prejudice is exactly what the Court's discovery order was designed to remedy; 6) therefore, Defendant meets the high threshold for compelling production of summaries based on recollection of oral interviews with witnesses.

The Court agrees with Defendants. Given the unique posture of this case and the five-year delay in service of the complaint on the relator, the Court finds that the Magistrate did not commit clear error in finding this to be one of those "rare instances" when summaries of oral interviews are discoverable. <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 400-01 (1981). This Court previously found that an extension of the time to serve the Defendants was not warranted because the Government could not show good cause for failing to serve the Defendant. [Record Document 151, pp. 26-27]. The Court

did not, however, dismiss the suit with prejudice, as requested by the Defendant, but rather imposed the narrowly-tailored remedy of ordering the Government to immediately produce all discoverable documents pertaining to witnesses to the extent allowable by the work product doctrine. Id. at 29-35. The Court has reviewed the agent summaries *in camera* and finds that they do not contain any mental impressions, conclusions, opinions, or legal theories of the Government apart from the inevitable revelation of the choices of which portions of the interviews to summarize. This case presents a unique situation where, through the fault of the Government, the passage of time has effectively eliminated the possibility of obtaining substantial equivalent information through alternative means.

### III. Conclusion

For the foregoing reasons, the ruling of the Magistrate Judge [Record Document 194] is hereby **AFFIRMED**.

Done this 28th day of November, 2012 in Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE