RECEIVED

MAR 31 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL. | CIVIL ACTION NO. 04-732 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ACADIANA CARDIOLOGY, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment,[1] filed by the Defendants, Acadiana Cardiology LLC; Acadiana Cardiovascular Center, LLC; Mehmood Patel, a Professional Medical Corporation; and Mehmood Patel, M.D.  [Record Document 229].  The Government opposes the motion.  [Record Documents 236 & 249].  For the reasons that follow, the Defendants' motion for partial summary judgment [Record Document 229] is **DENIED**.

## BACKGROUND

The instant motion arises out of the *qui tam* action filed on March 25, 2004 by relator Christopher T. Mallavarapu, on behalf of the United States, under the False Claims Act ("FCA"), 31 U.S.C. § 3730, *et seq.* The Defendants are Mehmood Patel, M.D., who practiced as an interventional cardiologist at all times relevant, and three Louisiana entities (Acadiana Cardiology, LLC, Acadiana Cardiovascular Center, LLC, and Mehmood Patel, A

---

[1] Although the Defendants' motion is titled as a "Motion For Summary Judgment," it is construed as a partial motion for summary judgment because it only seeks dismissal of a portion of the Government's claim.

Professional Medical Corporation), which were owned and operated by Dr. Patel. In his complaint, the relator alleged he was employed by Acadiana Cardiology as a physician, and during his employment became aware the Defendants were performing unnecessary, improper, and excessive medical services, for which they were billing federally funded health care programs. On May 5, 2006, the Government intervened in the suit and, on November 23, 2009, filed a complaint to recover damages and penalties under the FCA. The Government argued that the Defendants knowingly presented and caused to be presented false claims to Medicare. Specifically, the Government alleged that between January 1, 2000 and December 31, 2003, Dr. Patel performed highly invasive procedures such as cardiac catheterizations, angiograms, and angioplasties, that were not medically necessary, and he, or one of the Defendants, submitted reimbursement claims to Medicare for these procedures and/or services.

In 2006, Dr. Patel was indicted by a federal Grand Jury on ninety-four counts of health care fraud, in violation of 18 U.S.C. § 1347. The indictment charged that between 2001 and 2004, Dr. Patel wrongfully defrauded, or caused to be defrauded, health care benefit programs by knowingly recommending and performing medically unnecessary procedures; falsifying medical records; falsely reporting his medical findings; and failing to provide his patients with accurate information on their conditions. Before trial, the Government dismissed three counts [Record Documents 42 & 123] and, ultimately, Dr. Patel was tried on ninety-one counts of health care fraud. On December 30, 2008, a jury convicted Dr. Patel of fifty-one counts.

The Defendants now move for partial summary judgment in this FCA action, arguing that, for many of the allegedly false claims, the Government lacks proof of the actual "claim" the Defendants submitted for payment. As previously mentioned, the Government opposes the motion, submitting that it has sufficient circumstantial evidence to establish that the Defendants presented a false claim to the Government for payment.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

Once the movant carries its initial burden, it is incumbent upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. See

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996)(citations omitted). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace, 80 F.3d at 1047 (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1985)(citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986)(the court must "review the facts drawing all inferences most favorable to the party opposing the motion").

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

1.    The False Claims Act.

The FCA establishes liability for anyone who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or]
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. § 3729(a). To prove a defendant liable under subsection (a)(1), the Government must prove that:  (1) the Defendants made a claim to the Government; (2) the claim was false or fraudulent; and (3) the Defendants knew the claim was false or fraudulent.  See United States v. Southland Mgmt. Corp., 288 F.3d 665, 675 (5th Cir. 2002), aff'd en banc, 326 F.3d 669 (5th Cir. 2003).  Under the FCA, "claim" is broadly defined to include "any request or demand, whether under a contract or otherwise, for money or property . . . ." 31 U.S.C. § 3729(b)(2)(a).

In the instant case, the Defendants argue that under the FCA, the Government must prove that the Defendants made a false claim for payment, which first requires the Government to prove that the Defendants made a "claim."  Often times, the claim is established through introduction of a form called a CMS Form 1500. A provider can submit a CMS Form 1500 to Medicare either electronically or in hard copy.  Here, the Defendants complain that the Government lacks the CMS Form 1500s or remittance notices for a number of claims, and therefore lacks proof that is critical to support its allegations. According to the Defendants,

> the [G]overnment's inability to introduce the CMS Form 1500 into evidence for many of the allegedly false claims results in a failure of proof because the [G]overnment cannot prove that the [D]efendants made a claim for payment . . . [and] results in a failure of proof of another element as well:  that the

claims were "false."

. . .

Without proof of the contents of the CMS 1500, the [G]overnment has no claim, and it also has no basis for alleging that any of the claims were false.

Record Document 229-1, pp. 5-6.  The Defendants urge the Court to find that the Government can satisfy its burden of proof only by introduction of the actual contents of the CMS Form 1500.

Although both parties agree that the Government has to prove a false claim, they disagree about how this information may be established.  However, contrary to the Defendants' position, nothing in the FCA requires the Government to present the Form 1500 at trial in order to successfully establish liability.  As in El-Amin v. George Washington Univ., 522 F. Supp. 2d 135, 142 (D.D.C. 2007), this case presents a question of proof: may the Government proceed at trial without introducing the actual Forms 1500?  The El-Amin district court aptly concluded that "[b]oth case law and the rules of evidence answer this affirmatively." El-Amin, 522 F. Supp. 2d. at 142.  The same conclusion is applicable here. Indeed, in the instant case, the Government avers that it has sufficient circumstantial evidence, including testimony from an AdvanceMed[3] representative who can testify to the underlying claims data, to establish that the Defendants submitted false claims.  The Supreme Court has instructed that "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." Michalic v. Cleveland

---

[3] AdvanceMed is the Medicare Zone Program Integrity Contractor, previously referred to as the Program Safeguard Contractor.

Page 6 of 7

Tankers, Inc., 364 U.S. 325, 330, 81 S. Ct. 6, 11 (1960).  Thus, following the well-reasoned guidance of El-Amin, this Court agrees that in an FCA case like this, other documentation may serve as circumstantial evidence that a claim was submitted to Medicare.  See El-Amin, 522 F. Supp. 2d at 143; United States v. Wilderman, 2004 WL 945153, *7 (E.D. Pa. 2004).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Defendants' motion for partial summary judgment [Record Document 229] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** this 31st day of March, 2014 in Shreveport, Louisiana.

Elizabeth Erny Foote
United States District Judge